GEORGES KORSUN and OLIVIA
KORSUN,

                **Plaintiffs,**

    **v.**

GUARDIAN INSURANCE COMPANY,

                **Defendant.**

**1:18-cv-00047**

TO:    **Paul Neil, Esq.**
          **Daryl C. Barnes, Esq.**
          **Melissa R. Heidelberg, Esq.**

**ORDER**

THIS MATTER is before the Court upon Defendant's Motion To Declare Scope Of

Covered Property Under Plaintiffs' Insurance Policy (ECF No. 32, "Mot."). Plaintiffs filed a

response in opposition to the motion on October 18, 2019 (ECF No. 36, "Opp'n.").

Defendant filed a reply on November 1, 2019 (ECF No. 37).

Defendant informs the Court that the parties' appraisers are at an impasse regarding

whether the parties' insurance contract covers Plaintiffs' detached, separate guesthouse.

Mot. at 1-2. Specifically, the parties' appraisers disagree as to how to interpret the portion

of the the Declarations page to the policy, which provides: "ONE STORY ONE FAMILY

DWELLING OF MASONRY CONSTRUCTED WITH AN APPROVED ROOF LOCATED AT

LOCATION: 32 ESTATE CARLTON, FREDERIKSTED, VI 00840." *See* Mot., Ex. 1 at GIC0002.

Defendant's appraiser has prepared an estimate appraisal award that covers only the main

house. *See* Mot., Ex. 2. Meanwhile, Plaintiff's appraiser has submitted his own estimate that

covers both the main house and the separate detached guesthouse. *See* Mot., Ex. 4.

Plaintiffs argue that Defendant effectively ratified coverage of the guesthouse by already

making coverage payment that included estimated costs to repair the guest house. (Opp'n.

at 4, Ex. D). Plaintiffs alternatively argue that coverage should be interpreted in their favor,

that the parties operated under a common understanding that coverage included the

guesthouse, and that Defendant's interpretation of the contract is barred by the doctrine of

promissory estoppel. (Opp'n. at 5-9).

The language of the appraisal provision of the contract states as follows:

> In case the insured and this Company *shall fail to agree as to the actual cash value or the amount of loss*, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, alating[sic] separately actual cash value and loss to each, item; and, failing to agree, shall submit their differences, only, to the umpire. An award, in writing, so itemized, or any two when filed with this Company shall determine the amount of actual cash value and loss.

Mot., Ex. 1 (Policy) at GIC0003 (emphasis added).

Even if the parties' appraisers are at an impasse, the appraisal provision was drafted

in a way that anticipated such a problem and provides the parties with additional mandates

that they must comply with in order to exhaust the appraisal process. This court was faced

with a similar issue earlier this year when an insured plaintiff sought judicial interpretation

as to what "amount of loss" meant within the meaning of an insurance contract. The court

denied the plaintiff's motion without prejudice, concluding that it was premature to make a

ruling:

> The Court is most concerned about the ripeness of the issue at this point…The appraisers in this case apparently have not even submitted their proposals to the umpire. And, while the umpire's award will be presumptively valid, it can still be vacated for procedural deficiencies, because "it is well-settled that an appraisal award may be set aside due to fraud, mistake, misfeasance, collusion, prejudice or partiality.") *See Vento v. Certain Underwriters at Lloyds*, No. CV 2018-91, 2019 WL 2402973, at *4 (D.V.I. Apr. 26, 2019) (quoting *Ambient Grp., Inc. v. Cont'l Ins. Co.*, 1994 WL 326602, at *2 (D.V.I. Mar. 2, 1994). It seems prudent to let the process play out before the Court takes action.

*Hatter v. Guardian Ins. Co.*, No. 1:18-CV-00041, 2019 WL 3892415, at *2 (D.V.I. Aug.

19, 2019). The court also included that the plaintiff's request was "tantamount to an

additional claim seeking a declaratory judgment" and that the court did not have

any authority to make the kind of ruling sought by Plaintiff when it was not prayed

for in the complaint. *Id.* at *2. Similarly, here, the Court is not yet able to entertain

Defendant's argument. For these reasons, the Court will deny Defendant's motion

without prejudice.

WHEREFORE, it is now hereby **ORDERED** that Defendant's Motion To

Declare Scope Of Covered Property Under Plaintiffs' Insurance Policy (ECF No. 32) is

**DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: November 1, 2019                    /s/ George W. Cannon, Jr.
                                          GEORGE W. CANNON, JR.
                                          MAGISTRATE JUDGE