**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GEORGES KORSUN and OLIVIA KORSUN,**<br><br>               **Plaintiffs,**<br><br>      v.<br><br>**GUARDIAN INSURANCE COMPANY,**<br><br>               **Defendant.**<br>_____ | **1:18-cv-00047** |

**TO:**    Paul Neil, Esq.
         Daryl C. Barnes, Esq.
         Melissa R. Heidelberg, Esq.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court upon Defendant's Renewed Motion to Declare Scope of Covered Property Under Plaintiffs' Insurance Policy (ECF No. 43), Plaintiffs' response (ECF No. 45), and Defendant's reply (ECF No. 46).

**I.    BACKGROUND**

The parties devote their respective briefings to rearguing the merits of Defendant's prior motion (ECF No. 32), in which Defendant requested the same relief—that the Court make a determination that the applicable insurance policy covers only Plaintiffs' home, not their guesthouse. Relying on *Hatter v. Guardian*, No. 1:18-CV-00041, 2019 WL 3892415, at *2 (D.V.I. Aug. 19, 2019), the Court denied the motion, explaining that it was premature to make a ruling on this issue because the parties had not yet completed the appraisal process:

> The Court is most concerned about the ripeness of the issue at this point ... The appraisers in this case apparently have not even submitted their proposals to the umpire. And, while the umpire's award will be presumptively valid, it can

> still be vacated for procedural deficiencies, because "it is well-settled that an appraisal award may be set aside due to fraud, mistake, misfeasance, collusion, prejudice or partiality.") *See Vento v. Certain Underwriters at Lloyds*, No. CV 2018-91, 2019 WL 2402973, at *4 (D.V.I. Apr. 26, 2019) (quoting *Ambient Grp., Inc. v. Cont'l Ins. Co.*, 1994 WL 326602, at *2 (D.V.I. Mar. 2, 1994). It seems prudent to let the process play out before the Court takes action.

(Order, ECF No. 38 at 3, quoting *Hatter*, 2019 WL 3892415, at *2). Because the Court is bound by its own ruling, the Court will read Defendant's immediate motion as a motion to reconsider.

## II.     STANDARD FOR A MOTION FOR RECONSIDERATION

A court may grant a motion for reconsideration if (1) an intervening change in controlling law has occurred, (2) new evidence has become available, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.     DISCUSSION

The only change of significance since the Court's prior ruling is that the umpire is now ready to make his award. (*See* ECF No. 43-1 at 1, ECF No. 45-1 at 1). To that end, the umpire outlined—in a comprehensive email dated May 21, 2020—that he is awaiting further guidance from the parties and this Court as to how best to handle some specific calculations before he issues his final award. However, he still has not issued the award, and, thus, the parties have not offered a sufficient basis for the Court to vacate its prior Order. The parties have not identified any changes in applicable law or otherwise stated how continued

*Korsun v. Guardian Insurance Company*
1:18-cv-00047
Memorandum Opinion and Order
Page 3

enforcement of the Court's prior Order would present a manifest injustice. Moreover, the fact that the umpire is *close* to his final decision is not itself new evidence that would justify a change to the prior Order. The umpire must, at a minimum, make his determination on coverage and issue an award before this matter would potentially be ripe for the Court. Accordingly, Defendant's motion is denied without prejudice.

### IV. CONCLUSION

WHEREFORE, it is now hereby **ORDERED:**

1. Defendant's Renewed Motion to Declare Scope of Covered Property Under Plaintiffs' Insurance Policy (ECF No. 43) is **DENIED WITHOUT PREJUDICE**.

2. The umpire 1) must, if necessary, make his own determination on what is covered under the insurance policy and 2) issue a final appraisal award.

ENTER:

Dated: May 22, 2020

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE