**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| GEORGES KORSUN and OLIVIA KORSUN,<br><br>Plaintiffs,<br><br>-v.-<br><br>GUARDIAN INSURANCE COMPANY,<br><br>Defendant. | 1:18-cv-00047<br><br>**OPINION AND ORDER** |

**MEMORANDUM OPINION AND ORDER**

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

THIS MATTER is before the Court upon Plaintiffs' request in their November 29, 2021, letter (Dkt. #74) that the Court enter an Order holding that $15,455 previously paid by Defendant for debris removal should not be credited against the amount owed pursuant to the Appraisal Award submitted on June 8, 2020 (Dkt. #74-1) The Court construes this letter as a motion for partial summary judgment. For the reasons set forth below, the Court holds that debris removal costs are not included in the Appraisal Award but that Plaintiffs are entitled to recover only for their actual debris removal costs.

### I.     BACKGROUND

In 2017, Hurricanes Maria and Irma caused widespread property damage throughout the Virgin Islands, precipitating a flood of insurance claims. Plaintiffs Georges and Olivia Korsun submitted one such claim under their insurance policy with

1

Defendant Guardian Insurance Company for losses to their property located at 32 Estate Carlton in Frederiksted, Virgin Islands.  Due to the large number of claims, Guardian relied on an independent third-party adjuster, York, to investigate the Korsuns' losses and make a payment recommendation.  As part of its assessment, York evaluated losses to both the Korsuns' main house and their guest house, along with $15,455 in debris removal costs, and recommended to Guardian a payment of $172,404,059, Dkt. #74-3, which Guardian paid in full to the Korsuns, Dkt. #74-4.

　　The Korsuns believed this amount to be an underpayment, however, and commenced this action for breach of contract.  Pursuant to their insurance policy, the Korsuns and Guardian resolved their disagreement as to the amount of loss via an appraisal process by which each party appoints an appraiser to investigate the loss and, in the event the appraisers disagree, a designated umpire submits his own appraisal, which becomes binding upon the signature of either appraiser.  The umpire submitted his appraisal award on June 8, 2020, in which he determined that the total loss to the Korsuns' covered property was $317,968.15.  Dkt. #74-1.  The Appraisal Award also calculated a coinsurance penalty of $34,976.50.  *Id.*  The following day, Guardian's appraiser signed the umpire's award, at which point it became binding under the policy.  Dkt. #51-2.  On July 14, 2020, the Korsuns filed a Motion to Set Aside Appraisal Award, Dkt. #53, which this Court denied on October 22, 2021, Dkt. #68.

　　In a joint status report filed with the Court on November 10, 2021, the parties identified a separate issue of law, namely, whether the $15,455 payment for debris removal recommended by York and paid by Guardian was included as part of the

umpire's appraisal award. Dkt. #71. On November 29, 2021, the parties submitted supplemental letters on this issue, Dkt. #73–75, and the Korsuns requested that the Court enter an order holding that the Appraisal Award did not include debris removal costs and that the $15,455 paid by Guardian should not be credited against the amount owed under the award, Dkt. #74. The Court construed this request as a motion for partial summary judgment. Dkt. #76.

## II.   DISCUSSION

### A. Debris Removal Costs Are Not Included in the Appraisal Award

The parties disagree as to whether the Appraisal Award included debris removal costs. Guardian submits that extrinsic evidence would reveal that the umpire considered debris removal costs and that the Appraisal Award was intended to include such costs. The Korsuns protest that, under the policy, debris removal is insured separately from property loss, so the Appraisal Award could not have included debris removal. The Court agrees that the policy's appraisal clause did not authorize the umpire to determine the amount of recovery for debris removal costs and that such costs were therefore not included in the Appraisal Award.

In interpreting the legal effect of the Korsun's insurance policy, the Court will "read the provisions within the context of the entire policy and any extensions attached thereto." *Devcon Int'l Corp. v. Reliance Ins. Co.*, 2007 WL 3124767, at *2 (D.V.I. Oct. 23, 2007) (citing *Coakley Bay Condo. Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046, 1051 (D.V.I. 1991); 22 V.I.C. § 846). The policy's appraisal clause provides in relevant part that, in the event of disagreement, the appraisers and umpire are authorized to make

3

determinations only as to the "actual cash value or the amount of loss" of each item of covered property. Dkt. #74-2, p.2.

Reading the appraisal clause alongside other provisions of the policy, neither "actual cash value" nor "amount of loss" includes debris removal costs. Though the appraisal clause does not explicitly define the term "actual cash value," it states that actual cash value is to be determined as to "each item" covered by the policy. *Id*. Elsewhere, the policy clarifies this determination is to be made as of "the time of the loss." *Id.* at pp.1, 5. The policy identifies only a single "item" covered by the policy: the Korsuns' main house. *Id.* at p.1. Debris removal costs incurred after loss has already occurred do not comprise any part of the value of the Korsuns' house at the time of the loss and so do not fall within the definition of "actual cash value."[1]

Likewise, while the appraisal clause does not explicitly define the term "amount of loss," the policy's debris removal clause makes clear that debris removal is insured separately from property losses, providing in relevant part that "[t]he total liability under the policy for *both loss to property and debris removal expense* shall not exceed the amount of insurance applying under this policy to the property covered." *Id.* at p.4

---

[1] The policy also distinguishes between debris removal and "actual cash value" when applying a coinsurance penalty, stating that "the cost of the removal of debris[] shall not be considered in the determination of actual cash value when applying the Coinsurance Clause." Dkt. #74-2, p.5. The Appraisal Award applied an 11% coinsurance penalty to the entire amount listed under "actual cash value," Dkt. #53-15, p.4, indicating on its face that this figure did not include costs for debris removal, notwithstanding the umpire's recent assertion to the contrary, *see* n.3 *infra*.

(emphasis added); *see. Schnitzer v. South Carolina Ins. Co.*, 661 P.2d 550, 555 (Or. 1983).

The Court recognizes that the term "loss" is susceptible to more than one meaning and that it is used in certain places in the policy to refer to Guardian's total liability under the policy rather than specific losses incurred to the covered property.[2] The Court's inquiry is limited, however, to discerning the meaning of the term in the context of the appraisal clause, which juxtaposes the amount of "loss" with the covered "item," identified elsewhere as the "building." Dkt. #74-2, pp.1, 2. And that clause, in turn, must be read in conjunction with the coverage section of the policy, which clearly delineates coverage for "buildings" and coverage for "debris removal." *Id.* at p.4. Read together, these provisions make clear that debris removal costs are not included as part of either "actual cash value" or "amount of loss" for appraisal purposes.

Because debris removal is not included as part of the determination of "actual cash value" or "amount of loss," the appraisal clause did not authorize the appraisers or the umpire to make a binding determination as to the amount of recovery owed for debris

---

[2] That the meaning of the term "loss" depends on its context in the policy is further illustrated by Section IV.3 of the Earthquake Extension Endorsement, which distinguishes between "direct" losses to the property and "extra" expenses incurred in connection with such losses. Dkt# 74-2, p. 9. The Court need not decide whether debris removal falls into that latter category, as the parties have not raised that argument, but the policy's separate treatment of these two forms of "loss" highlights the need to interpret the term "loss" in the appropriate context.

5

removal costs.³  Accordingly, the Court holds that debris removal costs are not included in the Appraisal Award.⁴

## B. The Korsuns are Entitled Only to their Actual Debris Removal Costs

Because debris removal costs were not included in the Appraisal Award, the Korsuns may still recover such costs under the policy.  They may not, however, recover more for debris removal than the amount actually incurred.  *See, e.g., Williams v. Allstate Vehicle & Prop. Ins. Co.*, 2018 WL 4100681 at *9 (E.D. Pa. Aug. 27, 2018); *Citizens Property Ins. Corp. v. Manning*, 966 So.2d 486, 489 (Fla. 1st DCA 2007); *Schnitzer*, 661 P.2d at 555.  The parties do not dispute this; they disagree only as to the actual expense incurred.  The Korsuns contend that the correct amount is the $15,455 paid to them by Guardian in 2018 for debris removal per the York adjuster's recommendation.  Dkt. #74, p.2.  Guardian, however, argues that the York adjuster's recommendation was merely an estimate, and points instead to a summary of construction expenses submitted by the Korsuns' appraiser to the umpire, listing $4,264.56 in actual debris removal costs.  Dkt.

---

³ Guardian's argument that the umpire considered and may have intended for the Appraisal Award to include debris removal costs is unavailing.  Regardless of his recent attestation that he intended for debris removal costs to be included in his appraisal figure, Dkt. #79-2, the umpire could not exceed the authority granted to him by the policy, nor is there any indication that he did.  The Appraisal Award listed only an amount of loss for the covered "Building" and did not include any amount for debris removal.  Dkt. #74-1, p.4.  The Appraisal Award also makes clear that it did not determine "any other governing policy specific additional coverage, riders, binders or addendums" beyond the amount of loss, including debris removal costs.  *Id.*

⁴ Because the Court holds that debris removal costs are not subject to the policy's appraisal clause, Guardian's suggestion that the amount of debris removal costs should be submitted to the umpire is inappropriate.

6

#75-1, p.1; #75-5.  As there exists a genuine dispute as to the actual debris removal costs incurred by the Korsuns, summary judgment is inappropriate on this issue.  *See* Fed. R. Civ. P. 56(a).

## CONCLUSION

For the reasons discussed above, this Court has determined, as a matter of law, that debris removal costs were not included in the Appraisal Award and that the Korsuns are entitled to recover separately for actual debris removal expenses incurred.  The Korsuns' Motion for Partial Summary Judgment is thus GRANTED in part on the issue of the scope of the Appraisal Award and resolved in favor of the Korsuns.  Because there remains a factual dispute over the actual amount of debris removal costs incurred, the Korsuns' motion for Partial Summary is DENIED in part as to this issue. The Parties shall submit a joint status update and proposal for next steps in this case on or before **February 14, 2022.**

SO ORDERED.

Dated:   February 2, 2022

                                          CHERYL ANN KRAUSE
                                          United States Circuit Judge